IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MEYER CHATFIELD CORP., | : | |
| | : | Civil Action |
| Plaintiff, | : | Case No. 05-3673 |
| | : | |
| v. | : | |
| | : | |
| CENTURY BUSINESS SERVICES, INC., et. al., | : | |
| | : | |
| Defendants. | : | |

**OPINION AND ORDER**

**Slomsky, J.**                                                                                                             **August 12, 2010**

Before the Court are Plaintiff Meyer Chatfield's Motion in Limine to Exclude Evidence Regarding Kosanda's Settled Claims Against it (Doc. No. 201); the Memorandum in Opposition filed by Defendants Century Business Services, Inc., (CBIZ), Benmark, Inc., and Lon Haines (Doc. No. 213); the Motion *in Limine* to Exclude Certain Testimony of Bennett Meyer (Doc. No. 195) and the Motion *in Limine* to Exclude Certain Testimony of William Flynt Gallagher (Doc. No. 196), both filed by Defendants CBIZ, Benmark, Inc., and Lon Haines; and Plaintiff's Responses (Docs. No. 219 and 220). For the following reasons, the Court will grant the Motion to Exclude Evidence Regarding Kosanda's settled claims, grant the Motion to Exclude Certain Testimony of Bennett Meyer, and deny the Motion to Exclude Certain Testimony of William Flynt Gallagher.

**Kosanda Settlement**

Plaintiff seeks to exclude testimony regarding the settlement agreement between Kosanda and Plaintiff. Defendants have withdrawn the settlement agreement itself as an exhibit, and seek

only to admit testimony regarding disputes that arose between Kosanda and Plaintiff before Kosanda's termination as an employee of Plaintiff. The Court will grant Plaintiff's Motion to Exclude Evidence Regarding Kosanda's Settled Claims Against It, and will exclude only evidence regarding post-termination claims between Kosanda and Plaintiff.[1]

**Testimony of Bennett Meyer**

Defendants seek to exclude testimony of Bennett Meyer regarding Meyer's perception of why Thomas Kosanda was terminated. Meyer is the President and CEO of Plaintiff and occupied these positions before and during Kosanda's termination. Defendants argue that the following testimony, indicated in italics, must be excluded under Federal Rule of Evidence 602:

> Q: What was the cause [of Thomas Kosanda's termination]?
> A: There were a lot of things. I guess his, just, behavior was detrimental to the company. The company couldn't keep functioning in a normal fashion if Mr. Kosanda stayed. He abused people. He just – it was not a pleasant experience. In addition to that, once he started talking to the Benmark people, we figured he was going to leave. *In hindsight, it appears to me to be the conspiracy that he started with Roger [Hague] back in Atlanta. Ultimately, I think a lot of his behavior was trying to get terminated*.

Defendants' assert that the above testimony is merely Meyer's speculation on what motivated Kosanda to behave in a particular way, and that because Meyer lacks personal knowledge of Kosanda's inner thoughts, Meyer cannot be permitted to testify at trial about his speculation. Plaintiff asserts that Meyer's statements are admissible as his perception of Kosanda's behavior and termination.

Rule 602 provides that a witness "may not testify to a matter unless evidence is

---

[1] The Court's ruling here is subject to the testimony offered at trial, which may lead to reconsideration of the admissibility of post-termination claims if they become otherwise relevant.

introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony." Although knowledge need not be absolute, and may be based on what a witness thinks he knows from personal perception, see Rule 602 advisory committee's note, "knowledge" does not include an impression or belief based on an "unwarrantable deduction of the mind from premises not well established," II Wigmore, Evidence, § 658, at 896 (Chadbourn rev. 1979). A witness may not "testify upon mere conjecture or belief." Id.

Here, despite Plaintiff's efforts to characterize Meyer's testimony as a "surmise" "based on observations," it is clear that Meyer's challenged testimony is merely his speculation about Kosanda's thought process, and as such is inadmissible under Rule 602. For these reasons, the Court will grant Defendants' motion and exclude Meyer's challenged testimony. The Court will also exclude those portions of Kosanda's trial deposition that reference or discuss Meyer's challenged testimony.[2]

**Testimony of William Flynt Gallagher**

Defendants seek to exclude testimony of William Flynt Gallagher in relation to alleged prior acts of Defendants Lon Haines and Benmark. During his deposition, Gallagher, who worked as an independent contractor for Plaintiff, testified that he was "indirectly" solicited by Defendant Haines and Roger Hague, the President of Benmark, during a meeting in August 2004. (Def. Mem. Supp. Mot., Doc. No. 196, at 2 (hereinafter "Def. Mem.")). Defendants assert this

---

[2] The Court's ruling here is again subject to review of the specific testimony offered at trial. If Meyer can support his challenged statement with evidence of what he knows from personal perception, then the Court will reconsider the ruling.

evidence must be excluded under Federal Rule of Evidence 404(b) because it is evidence only of propensity. They argue that Plaintiff will seek to use the evidence to raise the inference that, because Haines and Benmark solicited Gallagher, they also solicited other employees, which is impermissible propensity evidence. (Id. at 4). Plaintiff asserts that the evidence is admissible as evidence of a breach of contract and under Rule 404(b) as evidence of a plan by Haines and Benmark to solicit Kosanda and his team. (Pl. Br. In Opp., Doc. No. 220, at 2 (hereinafter "Pl. Br.")).

All relevant evidence is admissible, except as otherwise provided by the Rules of Evidence, the Constitution of the United States, or an Act of Congress. Fed. R. Evid. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence, though relevant, "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Rule 404(b) provides that "[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." The Third Circuit applies a four-part test to determine the admissibility of Rule 404(b) evidence:

> (1) the evidence must have a proper purpose under Rule 404(b);
> (2) it must be relevant under Rule 402; (3) its probative value must

outweigh its prejudicial effect under Rule 403; and (4) the [district] court must charge the jury to consider the evidence only for the limited purpose for which it was admitted.

Becker v. ARCO Chem. Co., 207 F.3d 176, 189 (3d Cir. 2000). Here, Gallagher's testimony is admissible under Rule 404(b) as evidence of a *plan* by Haines and Benmark to solicit Kosanda and his team, with whom Gallagher worked.

Evidence offered under Rule 404(b) to establish a plan or scheme, "may be admitted for the purpose of proving the defendant's commission of the subsequent act itself where that issue is disputed." Becker, 207 F.3d at 195-96. As explained by the Third Circuit in J & R Ice Cream Corp. v. Cali. Smoothie Corp.,

> Ordinarily, when courts speak of "common plan or scheme," they are referring to a situation in which the charged and the uncharged [acts] are parts of a single series of events. In this context, evidence that the defendant was involved in the uncharged [act] may tend to show a motive for the charged [act] and hence establish the commission of the . . . [act].

31 F.3d 1259, 1268-69 (3d Cir. 1994). To admit evidence as establishing a plan or scheme under Rule 404(b),

> "Both [acts] must be part of a common or continuing scheme; the plan must encompass or include both [acts]; the [acts] must be connected, mutually dependent and interlocking . . . Both [acts] must be steps toward the accomplishment of the same final goal. They are different stages of the plan."

Becker, 207 F.3d at 197 (quoting Edward J. Imwinkelried, Uncharged Misconduct Evidence, § 3:22, at 119 (West 1999)).

In Becker, the Third Circuit held that evidence suggesting that defendant fabricated a basis to dismiss another employee was inadmissible in plaintiff's employment discrimination suit

-5-

as evidence of a scheme or plan to fabricate legitimate reasons to terminate the plaintiff. 207 F.3d at 197. The court reasoned that the two terminations were not "connected, mutually dependent, or part of any larger goal of [defendant's]." Id. In its reasoning, the court emphasized that the two terminations occurred three years apart, involved different management employees as actors for the defendant, and that "the two terminations are unrelated in the sense that one had nothing to do with the other, except for the fact that, allegedly, [defendant] facilitated both by fabricating legitimate reasons to support the adverse employment actions." Id.

Here, Plaintiff claims Defendants engaged in a plan to solicit Kosanda and his team, and that evidence of the attempt to solicit Gallagher is evidence of Defendants' overarching plan. In his deposition testimony, Gallagher asserted he was an "integral" part of Kosanda's team, in that he was "instrumental" in facilitating certain of Kosanda's sales. (Pl. Br., Ex. A, at 24-26). Gallagher met with Haines and Hague, both of whom Plaintiff alleges were involved in the solicitation of Kosanda and the rest of his team. The meeting at which Haines and Hague allegedly indirectly solicited Gallagher occurred in August 2004, during the time Plaintiff and Benmark were discussing the sale of Plaintiff and a mere six months before Kosanda and his team left Plaintiff. Accordingly, the meeting between Gallagher and Defendants occurred during the time Plaintiff alleges Defendants Haines, Benmark and CBIZ "undertook a scheme to . . . raid the pool of Meyer-Chatfield sales associates." (Pl. Compl., Doc. No. 1, at 16, ¶ 43).

Thus, unlike the prior and contested acts in Becker, the prior and contested acts here are temporally proximate, involve the same actors working on behalf of Defendants, and are closely related. Given Gallagher's status as "integral" to the success of several of Kosanda's sales, his alleged solicitation appears closely connected to Plaintiff's allegation of solicitation of Kosanda

and the rest of his team. Accordingly, Gallagher's testimony is evidence of a plan – a proper purpose to support the admissibility of the evidence under Rule 404(b). For the above reasons, the evidence is also relevant under Rule 402.

The probative value of Gallagher's testimony is not substantially outweighed by the danger of unfair prejudice under Rule 403. Other than asserting that evidence of Gallagher's indirect solicitation is propensity evidence, Defendants have not identified a risk of unfair prejudice posed by the testimony. Furthermore, any risk of unfair prejudice will be minimized with a jury instruction limiting the jury's use of the evidence to its proper purpose.[3] Accordingly, the Court will deny Defendant's Motion to Exclude and will permit Gallagher's challenged testimony under Rule 404(b).[4]

**Conclusion**

For the foregoing reasons, Plaintiff's Motion *in Limine* to Exclude Evidence Regarding Kosanda's Settled Claims Against It (Doc. No. 201) will be granted; Defendants' Motion *in Limine* to Exclude Certain Testimony of Bennett Meyer (Doc. No. 195) will be granted; and Defendants' Motion *in Limine* to Exclude Certain Testimony of William Flynt Gallagher (Doc. No. 196) will be denied. An appropriate order follows.

---

[3] Plaintiff is directed to submit to the Court in writing the limiting instruction for use at trial.

[4] Again, the Court's ruling here is subject to review of the specific testimony offered at trial. The evidence must conform to Plaintiff's pretrial proffer to fall within the *plan* exception to Rule 404(b).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MEYER CHATFIELD CORP., | : | |
| Plaintiff, | : | Civil Action |
| | : | Case No. 05-3673 |
| v. | : | |
| | : | |
| CENTURY BUSINESS SERVICES, INC., | : | |
| et. al., | : | |
| Defendants. | : | |

**ORDER**

AND NOW, this 12th day of August, 2010, upon consideration of Plaintiff Meyer Chatfield's Motion in Limine to Exclude Evidence Regarding Kosanda's Settled Claims Against It (Doc. No. 201); the Memorandum in Opposition filed by Defendants Century Business Services, Inc., (CBIZ), Benmark, Inc., and Lon Haines (Doc. No. 213); Defendants' Motion *in Limine* to Exclude Certain Testimony of Bennett Meyer (Doc. No. 195) and Motion *in Limine* to Exclude Certain Testimony of William Flynt Gallagher (Doc. No. 196), and Plaintiff's Responses (Docs. No. 219 and 220), it is ORDERED as follows:

1. Plaintiff's Motion *in Limine* to Exclude Evidence Regarding Kosanda's Settled Claims Against It (Doc. No. 201) is GRANTED;

Defendants' Motion *in Limine* to Exclude Certain Testimony of Bennet Meyer (Doc. No. 195) is GRANTED;

2. Defendants' Motion *in Limine* to Exclude Certain testimony of William Flynt Gallagher (Doc. No. 196) is DENIED.

BY THE COURT:

/s/ Joel H. Slomsky, J.
JOEL H. SLOMSKY, J.